UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERVIN SHPATA | ) | JUDGE PAUL R. MATIA |
| | ) | |
| Petitioner, | ) | CASE NO. 1:03CV0231 |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN ASHCROFT, etc. | ) | AND ORDER RE: GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| Respondent. | ) | DISMISS |

This case is before the Court upon the respondent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9). The Court considered the memorandum in support, the memorandum in opposition (Doc. 10), and reply memorandum (Doc. 13). For reasons set forth below, this Court concludes that it does not have subject matter jurisdiction over the petition for mandamus because this court is barred by 8 U.S.C. § 1252(b)(2) from reviewing the final decisions of the Board of Immigration Appeals ("BIA") and by 8 U.S.C. § 1252(g) from reviewing decisions by the Immigration and Naturalization Service ("INS")[1] not to adjudicate a case.

---

[1] Effective March 1, 2003, the INS ceased to exist as a separate agency within the Department of Justice, and its functions were transferred into three new agencies, all part of the Department of Homeland Security ("DHS"). *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (codified at 6 U.S.C. § 251). For convenience, the Court refers to the government agency as the INS.

**I. Statement of the Facts**

On January 21, 1996, the INS admitted the petitioner into the United States with F-1 status (Government Exhibit A). On July 31, 2002, the BIA upheld the Immigration Court's decision that petitioner, Ervin Shpata, was unlawfully present in the United States. Then on May 17, 1999, the Immigration Court found that the petitioner was subject to removal. On February 5, 2003, the petitioner filed the within petition for writ of mandamus (Doc. 1) under 28 U.S.C. § 1361. The petition seeks to force the respondent, John Ashcroft, to vacate the order of the Board of Immigration Appeals dated July 31,2002, and to alter the record to indicate that the petitioner was admitted lawfully into the United States and has maintained his non-immigrant status. Doc. 1 at 4.

**II. Standard of Review**

**A. Lack of Subject Matter Jurisdiction**

"[S]ubject matter jurisdiction must exist at every level of federal court proceedings." *Bhatt v. Board of Immigration Appeals*, 328 F.3d 912, 914 (7th Cir. 2003), *see also Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908). Under Fed. R. Civ. P. 8, the petitioner bears the burden of showing that the Court has jurisdiction for his claim. "Lack of federal jurisdiction cannot be waived or be overcome by an

agreement of the parties," *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934), and thus this Court must satisfy itself that it has jurisdiction if not raised by the parties.  If the court does not have subject matter jurisdiction, then the court must dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1).

**B. Jurisdiction for Mandamus**

The elements for a district court to issue a writ of mandamus are set out in 28 U.S.C. § 1361, which states: "The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty to the plaintiff."  "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987); *see also Vishnevsky v. U.S.*, 581 F.2d 1249, 1253 (7th Cir. 1978).  The petitioner must show that the duty owed arises from a mandatory or ministerial obligation; if the alleged duty is discretionary or directory, the duty is not owed. *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975).

## III. Discussion

### A. Lack of Subject Matter Jurisdiction

In order to issue the writ, the petitioner must show that respondent owed him a duty to vacate the BIA's final order. The petitioner's claim essentially asks the Court to reevaluate the BIA's decision that the petitioner has remained in the United States longer than authorized. Judicial review of removal decisions is limited to the courts of appeals. 8 U.S.C. § 1252(b)(2). Clearly this court does not have jurisdiction to review the BIA's decision that petitioner has remained in the United States longer than authorized.

In the alternative, the petitioner states that he has petitioned the INS with several claims to reopen his case but the respondent, by way of the INS, has not adjudicated any of these claims[2]. These claims all arise from the respondent's decisions not to adjudicate these claims and instead to enforce the removal order. 8 U.S.C. § 1252(g) divests courts of jurisdiction "to hear any cause or claim by

---

[2]The petitioner makes conclusory statements that he received ineffective assistance of counsel and that failure to reopen his case violates his due process rights under the fifth amendment. Doc. 1 at 8-9. The petitioner also suggests that his status would change if the case was reopened because he was married to a U.S. citizen after he had already been found to be in violation of terms of his admission. Doc. 10. The petitioner does not elaborate on these claims at all, and they are therefore waived. *See, e.g.*, *U.S. v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The petitioner cannot gain jurisdiction by simply recharacterizing his claims as a refusal to act.

In *Bhatt*, the Seventh Circuit Court of Appeals remanded a district court's decision to deny a writ of mandamus because the district court lacked jurisdiction. The plaintiff in *Bhatt* asked the district court to issue a writ of mandamus to compel the BIA to hear his motion to reconsider its order affirming his deportation. The Court of Appeals in dismissing the plaintiff's claim stated: "[plaintiff] may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act." *Bhatt*, 328 F.3d at 915; quoting *Gomez-Chavez v. Perryman,* 308 F.3d 796 (7th Cir. 2002). Any limited review of the BIA's decisions lies at the appellate level. 8 U.S.C. § 1252(b)(2).

**B. Failure to State a Claim**

Assuming *arguendo* that the Court has jurisdiction over the petitioner's claims, the Court would not grant the petition for a writ of mandamus. A petition for mandamus must show that the petitioner has no other adequate remedy for the relief sought and that the officer against whom

5

enforcement is sought owes the petitioner a duty to perform the act sought. *Allied Chemicals Corp. V. Daiflon, Inc.*, 449 U.S. 33 (1980). The petitioner has not set forth the necessary elements to compel this Court to issue a writ of mandamus and, therefore, the Court also grants respondent's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[3]

First, the petitioner has not alleged that he has appealed the BIA's final decision to a court of appeals. Second, the petitioner cannot show that the Attorney General or the INS owes the petitioner a right to reopen the case. The Attorney General's decision not to commence proceedings is discretionary and review of this decision has been removed from the jurisdiction of the courts by 8 U.S.C. § 1252(g). Third, the petitioner has not stated any statutory basis which grants him the right to remain in the United States with non-immigrant status.

---

[3]The petitioner has not fully briefed any argument that his due process rights have been violated. The petitioner might have a valid claim that his due process rights under the fifth amendment have been violated; however, he has only made a conclusory statement that his rights have been violated and he failed to show that he has exhausted all other avenues of relief. To the extent the petitioner's rights may have been violated, he has not shown any basis for the relief sought.

6

**IV. Conclusion**

For the foregoing reasons, Ervin Shpata's petition for mandamus will be dismissed for want of jurisdiction.

IT IS SO ORDERED.


Dated: May 2, 2005  /s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

A copy of the foregoing Memorandum of Opinion and Order was filed electronically this 2nd day of May, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


/s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE